UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                         )       Criminal No.<br>)       94-10151-FDS-5<br>ROBERT MICHIENZIE,                   )<br>)<br>Defendant.                        )<br>) | |

## ORDER ON MOTION TO SEAL

**SAYLOR, C.J.**

On January 26, 1996, defendant Robert Michienzie pleaded guilty to one count of conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. § 846. He was sentenced to a 24-month term of supervised release and a $50 special assessment. On December 7, 2023, he filed a motion in this court to seal the record of his conviction. For the following reasons, that motion will be denied.

The records and proceedings of federal courts are presumed to be public. *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013). The presumption arises from two sources: "a common-law right of access to 'judicial documents,' and a First Amendment right of access to certain criminal proceedings and materials submitted therein." *Id.* "'[O]nly the most compelling reasons can justify non-disclosure of judicial records' that come within the scope of the common-law right of access." *Id.* at 59 (quoting *In re Providence Journal*, 293 F.3d 1, 10 (1st Cir. 2002)). Records of a criminal conviction are judicial records subject to that presumption. *See United States v. MasMarques*, 2015 WL 5609957, at *2 (D. Mass. Sept. 22, 2015); *United States v. Hardy*, 2017 WL 2468784, at *1 (D. Mass. June 7, 2017).

Here, although defendant appears to have led a successful life since 1996, he does not assert any reason, let alone a compelling reason, to seal his records. (*See* Def. Mot. at 1). Even assuming that the availability of the records in question pose a hardship to him, that alone is not sufficient to overcome the presumption of public access. *See MasMarques*, 2015 WL 5609957, at *2 (noting that sealing criminal records "solely because the record has an adverse effect on defendant's livelihood . . . would vitiate the presumptive public right of access.").

The motion might alternatively be construed as a motion to expunge. A federal court may expunge criminal records in a very narrow set of circumstances, usually only in cases of incorrect information, invalid process, or with specific statutory authorization. *See United States v. Coloian*, 480 F.3d 47, 49 n.4 (1st Cir. 2007). Defendant has not cited any authority that would allow expungement in this case, and this court does not have jurisdiction to expunge criminal records on equitable grounds. *Id.* at 52.

Accordingly, because there are no grounds to either seal or expunge the record of defendant's criminal conviction, the motion is DENIED.

**So Ordered.**

Dated:  December 22, 2023

/s/  F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court